THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: AMAZON WAGE CLAIM LITIGATION | CASE NO. C16-1554-JCC<br>CASE NO. C19-1320-JCC<br>CASE NO. C23-0161-JCC<br>CASE NO. C23-0178-JCC<br><br>ORDER |

This matter comes before the Court on the parties' responses to the Court's order to show cause why these matters should not be consolidated for further proceedings. *See Rittmann, et al. v. Amazon.com Inc., et al.*, C16-1554-JCC, Dkt. No. 282 (W.D. Wash. 2016); *Waithaka v. Amazon.com Inc., et. al.*, C19-1320-JCC, Dkt. No. 155 (W.D. Wash. 2019); *Marcelo, et al. v. Amazon.com Inc., et. al.*, C23-0161-JCC, Dkt. No. 55 (W.D. Wash. 2023); *Sitaca, et al. v. Amazon.com Inc., et al.*, C23-0178-JCC, Dkt. No. 38 (W.D. Wash. 2023). Based on the reasoning provided in the *Rittman* Plaintiffs' response (Dkt. No. 283), which the Court incorporates as its own, the Court **will not** further consolidate these matters.

Given the chronology of the *Marcelo* and *Sitaca* actions, and the similarity of their parties and issues with *Rittman*, the Court **STAYS *Marcelo*, C23-0161-JCC, and *Sitaca*, C23-0178-JCC, pending a final ruling on the merits in *Rittman*, C16-1554-JCC.** This is consistent with the first to file rule, as well as this Court's inherent authority to control cases on its docket.

ORDER
CASE NOS. C16-1554-JCC, C19-1320-JCC, C23-0161-JCC, C23-0178-JCC
PAGE - 1

*See T-Mobile N.E., LLC v. Sel. Ins. Co. of Am.*, 2018 WL 3417110, slip op. at 2–4 (W.D. Wash. 2018) (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)); *see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (articulating factors in applying the first to file rule). Doing so will eliminate the risk of inconsistent rulings between each case and avoid duplicative putative class action litigation involving the same parties and claims. Moreover, the possibility of prejudice to the *Marcelo* and *Sitaca* plaintiffs is low. If *Rittman* is certified, they may elect to participate as members in *Rittman*. And if not, at a minimum, many of the legal determinations made in *Rittman* would apply with equal force to *Marcelo* and *Sitaca*.

In contrast, *Waithaka* is not appropriate for consolidation based on its case development and the dissimilar claims to that of *Rittman*. However, given the current pendency of rulings from the Ninth Circuit in *Carmona v. Domino's Pizza LLC*, No. 21-55009 (9th Cir.), and *Miller v. Amazon.com, Inc.*, No. 21-36048 (9th Cir.), **the Court EXTENDS the stay in *Waithaka*, C19-1320-JCC, and again STAYS *Rittman*, C16-1554-JCC, pending the Ninth Circuit's mandate in *Carmona* or *Miller*, whichever is issued later.** This stay applies to all putative plaintiffs in both *Rittman* and *Waithaka*, including non-arbitration opt-in plaintiffs. While the Court appreciates the impact of this ruling on those plaintiffs, it must balance this with considerations of judicial efficiency and the need for consistent rulings for all plaintiffs on shared issues. This would be difficult to accomplish were the Court to allow *Rittman* to proceed for the non-arbitration plaintiffs but not for the plaintiffs potentially impacted by potential Ninth Circuit rulings in *Carmona* and/or *Miller*. Moreover, the Court notes that *Rittman* was filed many years ago. At this point, a short delay would not materially prejudice any of its plaintiffs.

The parties in *Waithaka*, C19-1320-JCC, and *Rittman*, C16-1554-JCC, are hereby **ORDERED, within fourteen (14) days of the later-filed Ninth Circuit mandate in *Carmona* or *Miller*, to provide the Court with a joint status report** containing proposed case management schedules for their respective cases through class certification, with due

consideration given to possible renewed motions from Defendants in each case to compel arbitration and/or to dismiss and Plaintiffs' motions in each case for class certification. If the parties are unable to agree on a schedule, they may provide the Court with individual proposals, but must do so within a single joint status report for each case.

DATED this 9th day of June 2023.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CASE NOS. C16-1554-JCC, C19-1320-JCC, C23-0161-JCC, C23-0178-JCC
PAGE - 3